Eastern District of Kentucky
**F I L E D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JUL 2 0 2016

AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| AMERICAN TOWERS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-139-ART |
| | ) | |
| v. | ) | |
| | ) | **VERDICT** |
| BPI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

## INTERROGATORY NO. 1

American Towers alleges numerous breaches of the Master Contractor Agreement. The Court has already found that BPI had a duty to consult a geotechnical engineer and breached that duty.

(1)    Do you find by a preponderance of the evidence that the Master Contractor Agreement imposed certain duties on BPI (other than the duty to consult a geotechnical engineer), as explained in Instruction No. 13?

          Yes          _____

          No           _____

AND

(2)    Do you find by a preponderance of the evidence that BPI breached one or more of those duties (other than the duty to consult a geotechnical engineer), as explained in Instruction No. 13?

          Yes          _____

          No           _____

AND

(3)    Do you find by a preponderance of the evidence that one or more of the breaches (including the breach of BPI's duty to consult a geotechnical engineer) was a substantial factor in causing damages to American Towers, as explained in Instructions 13, 14, and 18?

          Yes          _____

          No           ✓_____

27

If you answered "Yes" to (3), proceed to the next Interrogatory.

If you answered "No" to (3), you are done with your deliberations, and you may tell the Marshal that you have reached a verdict.

## INTERROGATORY NO. 2

**Direct damages**, as defined in Instruction No. 16, is the amount of money that was reasonably necessary to bring what BPI actually provided to the condition that BPI promised to provide under the MCA.


The amount that was reasonably necessary to bring the road, compound, and tower to the condition that BPI promised to provide under the MCA is: $ _____


_____

FOREPERSON

_____

DATE


**Proceed to the next Interrogatory**.

## INTERROGATORY NO. 3

**Special damages,** as defined in Instruction Nos. 16 and 17, include any additional damages that BPI caused American Towers by breaching the MCA.  Special damages do not include the direct damages of the breach (calculated above).

The amount of any **special damages** that were reasonably foreseeable at the time that American Towers and BPI entered into the MCA is:  $_____

_____

FOREPERSON

_____

DATE

**Proceed to the next Interrogatory**.

30

## INTERROGATORY NO. 4

**Incidental damages**, as defined in Instruction No. 16, include any costs, other than the direct damages, that American Towers reasonably incurred in responding to BPI's breach of the MCA, or securing the value of the services that BPI promised to provide under the MCA. Incidental damages do not include the direct damages of the breach or any special damages (calculated above).

The amount of any **incidental damages** that American Towers spent is:  $_____

American Towers is seeking **attorneys' fees** under the Master Contractor Agreement. Do you find that the plaintiff is entitled to **attorneys' fees**?  You do not need to calculate a number regardless of your answer.

Yes          \_\_\_\_\_

No           \_\_\_\_\_

_____
FOREPERSON

_____
DATE

**Proceed to the next Interrogatory.**

31

## INTERROGATORY NO. 5

As explained in Instruction No. 17, American Towers has a duty to **mitigate** the cost of any damages that it can reasonably avoid.  If it failed to avoid those damages, you should subtract those damages from the amount that BPI must pay.


The amount of damages that American Towers could have reasonably avoided, but did not avoid, is:  $_____

<br>

_____

FOREPERSON

_____

DATE


**Proceed to the next Interrogatory.**

32

## INTERROGATORY NO. 6

The **damages subtotal**, based on your findings in Interrogatories No. 2, 3, and 4, is:

_____ + _____ + _____ = $ _____

Direct        Special        Incidental        Subtotal

From Interrogatory No. 2    From Interrogatory No. 3    From Interrogatory No. 4

The **TOTAL damages**, based on your subtotal calculation above and your finding in

Interrogatory No. 5, are:

_____ – _____ = $ _____

Damages Subtotal        Mitigation Costs        **TOTAL**

From ABOVE        From Interrogatory No. 5

**WE, THE JURY, AWARD AMERICAN TOWERS: $** _____

_____

FOREPERSON

_____

DATE

**Proceed to the next Interrogatory.**

33

## INTERROGATORY NO. 7

As explained in Instruction No. 19, damages may be caused by one or more parties. If you have found that any or all of American Towers, BPI, McVey, and Cumberland Valley Engineering failed to comply with their contractual duties and that those failures were a substantial cause of the breach and damages, then you must allocate fault between American Towers, BPI, McVey, and Cumberland Valley Engineering.

You may assign fault to each party as a percentage, such as 1%, 5%, 10%, 50%, etc. The total fault of all parties must add up to 100%. In determining the percentage of fault, you must consider both the nature of the conduct of each party at fault and the extent of the causal relation between their conduct and the damages claimed.

We, the jury, allocate fault as follows:

American Towers                                                _____ %

BPI                                                _____ %

McVey                                            _____ %

Cumberland Valley Engineering          _____ %

TOTAL                                              100   %

_____

FOREPERSON

_____

DATE

**Please notify the Marshal that you have reached a verdict.**

34